IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DONALD T. COLLIER,

      Plaintiff,                    No. CIV. S-11-1539 GEB GGH PS

   vs.

CITY OF VALLEJO, et al.,

      Defendants.            ORDER

_____/

      Plaintiff, proceeding in this action pro se, has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302(21), pursuant to 28 U.S.C. § 636(b)(1).

      Plaintiff has submitted an affidavit making the showing required by 28 U.S.C. § 1915(a)(1). Accordingly, the request to proceed in forma pauperis will be granted.

      The determination that plaintiff may proceed in forma pauperis does not complete the required inquiry. Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

      A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

1

Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

Pro se pleadings are liberally construed. See Haines v. Kerner, 404 U.S. 519, 520-21, 92 S. Ct. 594, 595-96 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988). Unless it is clear that no amendment can cure the defects of a complaint, a pro se plaintiff proceeding in forma pauperis is entitled to notice and an opportunity to amend before dismissal. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Franklin, 745 F.2d at 1230.

Plaintiff, an African-American, alleges racial discrimination by the City of Vallejo and Vallejo Transit Bus Company based on actions of its unidentified bus driver, and the bus driver's supervisor, Mr. Stawart, through their actions toward plaintiff on four separate occasions while he was attempting to use the city's bus services. He claims they either refused to move the

bus until he got off, or refused to accept his medi-cal card in support of a reduced bus fare. Plaintiff claims that these actions reflect racial bias. Plaintiff alleges violations of 42 U.S.C. § 1983, "unfair practice," and gross negligence. Section 1983, which incorporates equal protection standards from the Fourteenth Amendment, requires a showing that defendant purposefully discriminated against him because of his race. Lowe v. City of Monrovia, 775 F.2d 998, 1010 (9th Cir. 1985). The complaint must allege that defendants acted with an intent or purpose to discriminate against plaintiff because he is a member of a protected class. Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir.2001). Plaintiff contends that defendants questioned him, accused him of making threats, and forced him off the city bus, solely because he is African–American. Plaintiff does not provide any factual basis for his belief that defendants intended to discriminate against him. The fact that plaintiff is African–American by itself is not sufficient to support his claim for violation of the Fourteenth Amendment. Therefore the complaint will be dismissed with leave to amend. On amendment, plaintiff must allege *facts* which would give rise to an inference of discriminaiton. In other words, for example, the mere fact that plaintiff was questioned goes no distance in establishing a discrimination unless there are other facts (not conclusions) which could give rise to an inference of discrimination. For example, if similarly situated white patrons were not questioned, or asked to leave the bus that would be a probative fact. If defendants' personnel used racial epithets in questioning plaintiff that would be a probative fact. There may be others. Plaintiff, of course, must allege facts for which he has a good faith basis.

      Plaintiff has not stated a cognizable claim under § 1983 against the City of Vallejo. Section 1983 provides in pertinent part that "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity,

or other proper proceeding for redress." "Section 1983 does not create any substantive rights; rather it is the vehicle whereby plaintiffs can challenge actions by governmental officials. To prove a case under section 1983, the plaintiff must demonstrate that (1) the action occurred "under color of state law" and (2) the action resulted in the deprivation of a constitutional right or federal statutory right. Parratt v. Taylor, 451 U.S. 527, 535, 101 S.Ct. 1908 [] (1981), overruled on other grounds by Daniels v. Williams, 474 U.S. 327, 106 S.Ct. 662 [] (1986)." Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Since there is no respondeat superior liability under § 1983, counties and municipalities may be sued under § 1983 only upon a showing that an official policy or custom caused the constitutional tort. See Mt Healthy City School Dist Board of Education v. Doyle, 429 U.S. 274, 280 (1977); Monell v. New York City Dep't of Social Services, 436 U.S. 658, 691 (1978). "A local government entity cannot be held liable under § 1983 unless the plaintiff alleges that the action inflicting injury flowed from either an explicitly adopted or a tacitly authorized [governmental] policy." Ortez v. Washington Cty., State of Or., 88 F.3d 804, 811 (9th Cir.1996) (citation and quotations omitted) (alteration in original) "[L]ocal governments, like any other § 1983 'person,' . . . may be sued for constitutional deprivations visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels." Monell, 436 U.S. at 690-91.

Thus, "a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents." Monell, at 694. A local governmental entity may also "be liable if it had a policy or custom of failing to train its employees and that failure to train caused the constitutional violation. In particular . . . the inadequate training of police officers could be characterized as the cause of the constitutional tort if – and only if – the failure to train amounted to 'deliberate indifference' to the rights of persons with whom the police come into contact." Collins v. City of Harker Heights, 503 U.S. 115, 123-124, 112 S. Ct. 1061 (1992) (fn. omitted), citing in Canton v. Harris, 489 U.S. 378, 387, 388, 109 S.Ct. 1197 (1989).

Plaintiff has not alleged that a policy existed to cause the alleged discrimination by the bus driver and other bus staff. If plaintiff amends his complaint, defendant City of Vallejo will be dismissed for any alleged violation of § 1983 unless he can allege a policy or practice according to the guidelines set forth above.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Good cause appearing, IT IS ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. The complaint is dismissed for the reasons discussed above, with leave to file an amended complaint within twenty-eight (28) days from the date of service of this Order.

////

////

1  Failure to file an amended complaint will result in a recommendation that this action be
2  dismissed.
3  DATED: August 25, 2011

    /s/ Gregory G. Hollows
    UNITED STATES MAGISTRATE JUDGE

GGH:076/Collier1539.amd.wpd