1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10   DONALD T. COLLIER,

11              Plaintiff,                    No. CIV. S-11-1539 GEB GGH PS

12         vs.

13   CITY OF VALLEJO, et al.,

14              Defendants.                   ORDER AND

15                                            FINDINGS AND RECOMMENDATIONS

16   _____/

17              Plaintiff, proceeding in this action pro se and in forma pauperis pursuant to 28

18   U.S.C. § 1915.  This proceeding was referred to this court by Local Rule 302(21), pursuant to 28

19   U.S.C. § 636(b)(1).  Before the court is plaintiff's amended complaint, filed pursuant to this

20   court's screening order of August 26, 2011, as well as two motions for reassignment of this case

21   to another judge.

22   AMENDED COMPLAINT

23              Plaintiff has not cured the defects pointed out by the previous order, and therefore

24   his amended complaint must be dismissed.[1]  As set forth in the previous order, plaintiff, an

25   _____

26        [1]  In screening the amended complaint, the undersigned notes that the City of Vallejo has
     recently moved to dismiss on the same grounds as the undersigned found before, and finds again

                                              1

1   African-American, alleges racial discrimination by the City of Vallejo and Vallejo Transit Bus

2   Company based on actions of its unidentified bus driver, and the bus driver's supervisor, Mr.

3   Staward, and a Mr. Calhaun, through their actions toward plaintiff on two separate occasions

4   while he was attempting to use the city's bus services.  He claims they either refused to move the

5   bus until he got off, or refused to accept his medi-cal card in support of a reduced bus fare.

6   Plaintiff claims that these actions reflect racial bias.  Plaintiff alleges violations of 42 U.S.C. §

7   1983.

8                    Section 1983, which incorporates equal protection standards from the Fourteenth

9   Amendment, requires a showing that defendant purposefully discriminated against him because

10  of his race.  Lowe v. City of Monrovia, 775 F.2d 998, 1010 (9th Cir. 1985).  The complaint must

11  allege that defendants acted with an intent or purpose to discriminate against plaintiff because he

12  is a member of a protected class.  Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001).

13  Plaintiff contends that defendants refused to accept his disabled fare, refused bus services to him,

14  and detained the bus, and forced him off the bus, solely because he is African–American.

15  Plaintiff has added the following allegation in his amended complaint:

16                  Basically the message that she was delivering to Plaintiff, I'm a
                    white racist bus driver and I don't care whether you pay your fare
17                  or not, if I don't want you to ride, I can have you[] re-moved off
                    my bus for what-ever reason I want, this was the nature of her
18                  behavior, I was used as a example to other blacks that rode her bus.

19  (FAC at 2.)  He also alleges that defendants would not tolerate a black female bus driver holding

20  up a bus at any time for "personal bias reasons."  (Id.)

21                   Even though plaintiff was informed in the previous order that he must provide any

22  factual basis for his belief that defendants intended to discriminate against him, he has not done

23  so in his amended complaint.  As explained previously, the fact that plaintiff is

24  _____

25  herein.  While the undersigned could await for the motion to dismiss process to work out (to the
    same result), there is no need to wait for that inevitable result.  Plaintiff can seek review of these
26  screening Findings to the district judge, and will be fully heard under de novo review for those
    objections.  The motion to dismiss will be vacated as moot.

1   African–American by itself is not sufficient to support his claim for violation of the Fourteenth

2   Amendment.  Plaintiff has again failed to allege *facts* which would give rise to an inference of

3   discrimination.  In other words, for example, the mere fact that plaintiff was questioned goes no

4   distance in establishing a discrimination unless there are other facts (not conclusions) which

5   could give rise to an inference of discrimination.  These additional allegations in the amended

6   complaint are mere conclusions and speculation by plaintiff.[2]  They are not facts.

7          The previous order also advised plaintiff that he could not state a claim under §

8   1983 against the City of Vallejo unless he could allege an official policy or custom of

9   discrimination by the City.  Section 1983 provides in pertinent part that "Every person who,

10  under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or

11  the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or

12  other person within the jurisdiction thereof to the deprivation of any rights, privileges, or

13  immunities secured by the Constitution and laws, shall be liable to the party injured in an action

14  at law, suit in equity, or other proper proceeding for redress."  "Section 1983 does not create any

15  substantive rights; rather it is the vehicle whereby plaintiffs can challenge actions by

16  governmental officials.  To prove a case under section 1983, the plaintiff must demonstrate that

17  (1) the action occurred "under color of state law" and (2) the action resulted in the deprivation of

18  a constitutional right or federal statutory right.  Parratt v. Taylor, 451 U.S. 527, 535, 101 S.Ct.

19  1908 [] (1981), overruled on other grounds by Daniels v. Williams, 474 U.S. 327, 106 S.Ct. 662

20  [] (1986)."  Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

21          Since there is no respondeat superior liability under § 1983, counties and

22  municipalities may be sued under § 1983 only upon a showing that an official policy or custom

23  caused the constitutional tort.  See Mt Healthy City School Dist Board of Education v. Doyle,

24  _____

25          [2] Plaintiff seems to argue that simply because he was asked to do something with which
he disagreed, or that defendant's employees disagreed with him, such conduct must have been

26  motivated by discrimination.  The inference drawing by plaintiff under the circumstances
presented is not reasonable.

1    429 U.S. 274, 280 (1977); <u>Monell v. New York City Dep't of Social Services</u>, 436 U.S. 658, 691

2    (1978).  "A local government entity cannot be held liable under § 1983 unless the plaintiff

3    alleges that the action inflicting injury flowed from either an explicitly adopted or a tacitly

4    authorized [governmental] policy." <u>Ortez v. Washington Cty., State of Or.</u>, 88 F.3d 804, 811

5    (9th Cir.1996) (citation and quotations omitted) (alteration in original) "[L]ocal governments,

6    like any other § 1983 'person,' . . . may be sued for constitutional deprivations visited pursuant to

7    governmental 'custom' even though such a custom has not received formal approval through the

8    body's official decisionmaking channels." <u>Monell</u>, 436 U.S. at 690-91.

9            Thus, "a local government may not be sued under § 1983 for an injury inflicted

10   solely by its employees or agents." <u>Monell</u>, at 694.  A local governmental entity may also "be

11   liable if it had a policy or custom of failing to train its employees and that failure to train caused

12   the constitutional violation.  In particular . . . the inadequate training of police officers could be

13   characterized as the cause of the constitutional tort if – and only if – the failure to train amounted

14   to 'deliberate indifference' to the rights of persons with whom the police come into contact."

15   <u>Collins v. City of Harker Heights</u>, 503 U.S. 115, 123-124, 112 S. Ct. 1061 (1992) (fn. omitted),

16   citing in <u>Canton v. Harris</u>, 489 U.S. 378, 387, 388, 109 S.Ct. 1197 (1989).

17           The amended complaint does not allege that a policy existed to cause the alleged

18   discrimination by the bus driver and other bus staff.  Therefore, this defendant must also be

19   dismissed.

20   <u>MOTIONS TO RECUSE</u>

21           Plaintiff has filed two motions to have this case assigned to a different judge,

22   claiming bias by the undersigned.  The first motion claims that his application to proceed in

23   forma pauperis was pending over sixty days without being addressed, and that the court did not

24   respond to a letter he filed.  The second motion claims that the undersigned took almost three

25   months to address his in forma pauperis application, and disregarded his motion for

26   reassignment.  Based on these delays as well as the court's order requiring amendment of the

complaint, plaintiff infers that the undersigned is biased.  Plaintiff further objects to proceeding

through a magistrate judge because he did not consent to one.

First, plaintiff is informed that pursuant to E.D. Local Rule 302(21), the

magistrate judge is required to manage pro se cases.  This authority is granted by 28 U.S.C.

§ 636(b)(1).  Therefore, the fact that plaintiff has not consented to a magistrate judge is of no

consequence, as the district court reviews all recommended dispositions by magistrate judges.

Second, plaintiff is informed that the undersigned manages an active caseload of over 400 cases

at any given time, and that requests to proceed in forma pauperis are addressed in the order that

they are filed.  According to the in forma pauperis statute, the determination that plaintiff may

proceed in forma pauperis does not complete the required inquiry.  Pursuant to 28 U.S.C. §

1915(e)(2), the court is directed to dismiss the case at any time if it determines the allegation of

poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief

may be granted, or seeks monetary relief against an immune defendant.  A new complaint

requires not only that the in forma pauperis application be addressed, but also that the complaint

be screened for the aforementioned deficiencies.

In regard to plaintiff's claim of bias, although a judge is required to disqualify

himself if his impartiality might reasonably be questioned, 28 U.S.C. § 455(a), or if he has a

personal bias or prejudice against a party, 28 U.S.C. § 455(b)(1), the undersigned finds no reason

to recuse himself here.  Remarks made during the course of a judicial proceeding that are critical

or hostile to a party or his case ordinarily will not support a bias or partiality claim unless they

reveal an extrajudicial source for the opinion, or "such a high degree of favoritism or antagonism

as to make fair judgment impossible."  Liteky v. United States, 510 U.S. 540, 554, 114 S.Ct.

1147, 1157, 127 L.Ed.2d 474, 484 (1994.)  The decision regarding disqualification is made by

the judge whose impartiality is at issue.  Bernard v. Coyne, 31 F.3d 842, 843 (9th Cir. 1994).

Where the source of alleged bias or prejudice is a  judicial proceeding, plaintiff

must show a disposition on the part of the judge that "is so extreme as to display clear inability to

5

1  render fair judgment." <u>Liteky</u>, 510 U.S. at 541, 114 S.Ct. at 1155.  "Opinions formed by the

2  judge on the basis of facts introduced or events occurring in the course of the current

3  proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion

4  unless they display a deep-seated favoritism or antagonism that would make fair judgment

5  impossible." <u>Id</u>. at 555, 114 S.Ct. at 1157.  Bias is not found where the judge has expressed

6  anger or dissatisfaction or annoyance that are within the bounds of reasonable behavior.  <u>Id</u>.

7           This undersigned's actions in this case do not support disqualification.  The

8  actions taken were an appropriate response to filings.  The court's rulings do not reflect an

9  extreme disposition or deep-seated antagonism.  They do not reflect animosity, partiality, or

10 inability to render a fair judgment in the instant action.  They do not indicate bias, personal or

11 otherwise, or prejudice, personal or otherwise.  Plaintiff's requests that the undersigned recuse

12 himself are denied.

13 <u>CONCLUSION</u>

14          Accordingly, IT IS ORDERED that:

15          1. Plaintiff's motions to reassign another judge to this case, filed August 18, 2011

16 and September 12, 2011, (dkt. nos. 4 and 7), are denied;

17          2. The Motion to Dismiss (dkt. No. 9) is vacated as moot.

18          For the reasons stated in this opinion, IT IS HEREBY RECOMMENDED that

19 this action be dismissed for failure to state a claim.

20          These findings and recommendations are submitted to the United States District

21 Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within

22 fourteen (14) days after being served with these findings and recommendations, plaintiff may file

23 written objections with the court and serve a copy on all parties.  Such a document should be

24 captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is

25 \\\\

26 \\\\

1   advised that failure to file objections within the specified time may waive the right to appeal the

2   District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

3   DATED: October 13, 2011

4                                                    /s/ Gregory G. Hollows
                                              UNITED STATES MAGISTRATE JUDGE

5   GGH:076
    Collier1539.2am.wpd

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26